IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES FINN,

Plaintiff, No. CIV S-06-1305 KJM

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant. ORDER

___________________________________/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter for immediate payment of benefits.

/////

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated March 13, 2006, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of chronic back and left leg pain due to degenerative lumbar disc disease, status post L5-S1 lumbar fusion, obesity, and plantar fasciitis of the left foot but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible and the lay witness statements are inconsistent with the medical record; plaintiff has the residual functional capacity to perform light work, limited to four hours of sitting and with no climbing, stooping, kneeling and

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

crouching; plaintiff cannot perform his past relevant work; plaintiff has no transferable skills; based on the testimony of a vocational expert, there are a significant number of jobs plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 25-26. At the hearing, plaintiff amended the alleged onset date of disability to his fiftieth birthday, July 1, 2003. AT 462-463. Plaintiff contends the ALJ improperly rejected the opinion of a treating physician, improperly discredited plaintiff and lay witnesses, and incorrectly relied on the opinion of an examining physician in formulating hypotheticals for the vocational expert.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence

/////

/////

/////

supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends the ALJ accorded improper weight to the opinion of treating physician, Dr. Hartzog, and that in so doing incorrectly assessed plaintiff with the residual functional capacity to perform light work. The weight given to medical opinions depends in part on whether they are proffered by treating, examining or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a

/////

non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In August 2001, plaintiff's treating physician, Dr. Hartzog, opined that plaintiff could lift 32.4 pounds occasionally, walk for three hours a day with occasional breaks and that although he could stand for four hours a day at 60-minute increments, the basic recommendation would be to stand for two hours a day at 20-minute increments. AT 265. Because of the preclusion on stooping found by the ALJ, neither the lifting nor the walk/standing limitations assessed by Dr. Hartzog are compatible with the residual functional capacity for light work assessed by the ALJ.[2] AT 20. The ALJ gave "no evidentiary weight" to Dr. Hartzog's opinion because the doctor cited no clinical findings or other diagnostic tests in support, the opinion was inconsistent with the conclusions of a consulting orthopedist, Dr. Kohli, and the treatment regimen was relatively benign. AT 21. Reviewing the record as a whole, the court finds these reasons are neither specific nor legitimate and are unsupported by substantial evidence.

In rejecting Dr. Hartzog's opinion, the ALJ appears to have ignored the opinions of other treating physicians, those rendered contemporaneously with that of Dr. Hartzog and also those opinions rendered in 2003, the year for which plaintiff amended his disability onset date. In January 2000, treating physician Dr. Schneiderman limited plaintiff to duties involving supervisory activities only and limited plaintiff to carrying objects up to 10 pounds on an occasional basis only, which is not consistent with a residual functional capacity for light work. AT 423. In July 2001, evaluating physician Dr. Marino limited plaintiff to a "semi-sedentary

/////

---

[2] SSR 83-10 provides in pertinent part that light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . and requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk."

job." AT 431. In April 2002, treating physician Dr. Uro limited plaintiff's walking to 20 minutes before having to sit and rest, again a limitation inconsistent with light work. AT 316.

By 2003, the record is clear that plaintiff suffered from a failed back syndrome, the nature of which impairment appears to have gone unappreciated by the ALJ. In February 2003, plaintiff was assessed by Dr. Hartzog with "chronic pain syndrome which has been unrelieved with physical therapy, surgery, medication and the passage of time." AT 252. In that same year, plaintiff underwent epidural steroid injection, had a TENS unit prescribed, and was referred for a multidisciplinary evaluation and functional restoration program. AT 246, 249, 366. In May 2003, treating physician Dr. Levin also assessed plaintiff with failed back syndrome and noted plaintiff could only work on the computer by lying on his side. AT 364-366. In light of this record, most of which appears to have been ignored by the ALJ, the ALJ's reliance on the opinion of examining orthopedist, Dr. Kohli, cannot be sustained. Dr. Kohli's assessment is internally inconsistent in that the doctor assessed plaintiff as being able to do a job that does not require any lifting, pushing and pulling, yet also found plaintiff could perform light work. AT 322.

Because the ALJ's reasons for according no evidentiary weight to the opinion of Dr. Hartzog are neither specific nor legitimate and unsupported by substantial evidence, the matter will be remanded.[3] The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987).

---

[3] Because the matter must be remanded, and as explained below, will be remanded for immediate payment of benefits, the court need not reach plaintiff's other arguments.

Here, the ALJ improperly rejected the opinion of Dr. Hartzog and failed to address other record medical opinions limiting plaintiff's residual functional capacity to less than light work. Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the court] credit[s] that opinion as a matter of law." Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995). If the opinions improperly rejected by the ALJ are properly credited, plaintiff is limited to sedentary work. The vocational expert testified plaintiff has no transferable skills. AT 26, 473. Under Medical Vocational Guideline[4] 201.14, plaintiff must be found disabled.

Accordingly, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted.

2. The Commissioner's cross-motion for summary judgment is denied.

3. This action is remanded to the Commissioner for immediate payment of benefits beginning on the amended onset date of disability of July 1, 2003.

DATED: September 28, 2007.

U.S. MAGISTRATE JUDGE

006
finn.ss

[4] The Medical-Vocational Guidelines ("the grids") are in table form. The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education and work experience. For each combination, the grids direct a finding of either "disabled" or "not disabled."